UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
J & J SPORTS PRODUCTIONS, INC.,

                Plaintiff,

- against -

KARIM GAZZAH, individually and d/b/a
TAJ MAHAL LOUNGE, and TAJ MAHAL
LOUNGE CORP., an unknown business
Entity d/b/a Taj Mahal Lounge,

                Defendants.
-------------------------------------------------------X

**REPORT AND RECOMMENDATION**

19 CV 2385 (ARR) (CLP)

       On April 24, 2019, plaintiff J & J Sports Productions, Inc. ("plaintiff" or "J&J") commenced this suit against Karim Gazzah, individually and d/b/a Taj Mahal Lounge ("Gazzah"), and Taj Mahal Lounge Corp., an unknown business entity, d/b/a Taj Mahal ("Taj Mahal Lounge") (collectively, "defendants"), alleging violations of 47 U.S.C. §§ 605 and 553. The corporate defendant Taj Mahal Lounge failed to respond to the Complaint and on February 19, 2021, this Court issued a Report and Recommendation ("Report"[1]), recommending that plaintiff be awarded damages of $6,600 from the corporate defendant, pursuant to 47 U.S.C. §§ 605(e)(3)(C)(i)(II), 605(e)(3)(C)(ii), and 605(e)(3)(B)(iii). This Court's Report was adopted by the Honorable Allyne R. Ross on March 9, 2021 and judgment was entered in that amount on March 11, 2021. (See ECF Nos. 29, 30).

       In the Report, this Court noted that plaintiff was also entitled to an award of costs and reasonable attorney's fees, see 47 U.S.C. § 605(e)(3)(B)(iii) (stating that the court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party

---

[1] Citations to "Report" refer to this Court's Report and Recommendation, filed February 19, 2021, ECF No. 26.

who prevails"), but plaintiff had asked for 30 days from the date of judgment to submit its fee application. (Report at 1 n.1). Since courts in this district have allowed a motion for fees and costs to be issued following the district court's Order (see id. at 20 (collecting cases)), this Court recommended that plaintiff be permitted to submit a motion for attorney's fees within 30 days of the date of the district court's Order adopting the Report and Recommendation. The Court noted that if plaintiff was seeking fees, it should include an affidavit and contemporaneous time records establishing the amount of attorney's fees and costs it was seeking to recover.

By Notice of Motion dated March 1, 2021, plaintiff seeks an award of attorney's fees in the amount of $2,375.00 and $1,336.52 in costs. (See ECF No. 28). For the reasons set forth below, the Court respectfully recommends that plaintiff's motion for fees and costs be granted in part and denied in part.

DISCUSSION

The facts underlying this dispute are set forth in detail in this Court's prior Report, dated February 19, 2021 and incorporated by reference herein. (See Report at 2-4).

A. Plaintiff's Request for Attorney's Fees

Plaintiff seeks $2,375.00 in attorney's fees. (See ECF No. 28). The district court retains discretion to determine . . . what constitutes a reasonable fee." Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (quoting LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 758 (2d Cir. 1998)). "The traditional starting point for determining a reasonable attorneys' fee award is the 'lodestar' amount, which results in a presumptively reasonable fee." Dunn v. Advanced Credit Recovery, Inc., No. 11 CV 4023, 2012 WL 676350, at *5 (S.D.N.Y. Mar. 1, 2012) (citing Perdue v. Kenny A., 559 U.S. 542, 551-52 (2010)), report & recommendation adopted, 2012 WL

1114335 (S.D.N.Y. Apr. 3, 2012); see also Millea v. Metro-North R.R. Co., 658 F.3d at 166-67 (explaining that it is legal error to fail to calculate the lodestar "as a starting point").

To determine the lodestar amount, a court must determine "the number of hours reasonably expended on the litigation" and multiply that number "by a reasonable hourly rate." Moore v. Diversified Collection Servs., Inc., No. 07 CV 397, 2013 WL 1622949, at *1 (E.D.N.Y. Mar. 19, 2013) (internal citations and quotation marks omitted), report and recommendation adopted, 2013 WL 1622713 (E.D.N.Y. Apr. 15, 2013); see also Adusumelli v. Steiner, Nos. 08 CV 6932, 09 CV 4902, 10 CV 4549, 2013 WL 1285260, at *2 (S.D.N.Y. Mar. 28, 2013) (explaining that "[c]ourts in the Second Circuit use the familiar 'lodestar' method of calculating reasonable attorney's fees – multiplying the number of hours reasonably expended by a reasonable hourly rate" (citing Millea v. Metro-North R.R., Co., 658 F.3d at 166)).

The burden to justify the hourly rates sought is on the party moving for attorney's fees. See Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). The Second Circuit has held that in calculating the presumptively reasonable fee, "courts 'should generally use the hourly rates employed in the district in which the reviewing court sits . . . .'" Simmons v. New York City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009) (citations and internal quotation marks omitted). A court must also consider the reasonableness of the number of hours billed in the matter. See, e.g., LaBarbera v. Empire State Trucking, Inc., No. 07 CV 669, 2008 WL 746490, at *4-5 (E.D.N.Y. Feb. 26, 2007).

In support, plaintiff has submitted the Declaration of plaintiff's counsel, Robert B. Hunter, Esq., along with time records that counsel concedes were reconstructed based on a

3

review of the files.  (Pl.'s Mem.² at 2; see also Hunter Decl.³; Billing Recs.⁴).  According to Mr. Hunter, he is associated with the firm of M.L. Zager, P.C. and has been practicing law since June 23, 1982.  (Hunter Decl. ¶¶ 1, 3).  As set forth in his Declaration, Mr. Hunter bills at the rate of $350 per hour.  (Id. ¶ 5).  He claims that he expended a total of 4.3 hours working on this matter, for a total of $1,505.00.  (Billing Recs.).  In addition to Mr. Hunter's time, the firm seeks to recover for 8.7 hours of paralegal time that is billed at the rate of $100 per hour, for a total of $870.00.  (Id.)

As a general rule, parties must submit contemporaneous billing records when seeking to recover attorney's fees.  New York State Ass'n for Retarded Child., Inc. v. Carey, 711 F.2d 1136, 1139 (2d Cir. 1983).  Indeed, the Carey court termed contemporaneous records a "prerequisite for attorney's fees in this Circuit."  Id. at 1147.  The Second Circuit has recognized that there are "unusual circumstances"—such as "where the records were consumed by fire or rendered irretrievable by a computer malfunction"—that allow a court to accept non-contemporaneous records.  Scott v. City of New York ("Scott I"), 626 F.3d 130, 134 (2d Cir. 2010).  However, plaintiff's Memorandum in Support and Mr. Hunter's Declaration do not give any reason, least of all one of the Scott I circumstances, as to why the records in this case are not contemporaneous.

Courts in this district regularly decline to award attorney's fees when contemporaneous records are not produced.  Id. (collecting cases).  Indeed, this Court has declined to recommend an award of attorney's fees based on an affidavit with nearly identical language to that used in

---

² Citations to "Pl.'s Mem." refers to Plaintiff's Memorandum in Support of Motion for Attorneys' Fees and Costs, filed March 3, 2021, ECF No. 28-2.
³ Citations to "Hunter Decl." refers to the Declaration of Plaintiff's in Support of Motion for Attorneys' Fees and Costs, dated March 1, 2021, ECF No. 28-1.
⁴ Citations to "Billing Recs." refers to the attorney's fees and costs spreadsheet, submitted as Exhibit 1 to the Hunter Decl.

4

this case.  Compare Joe Hand Promotions, Inc. v. Soviero, No. 11 CV 1215, 2012 WL 3779224, at *13 (E.D.N.Y. July 31, 2012) (denying fees where attorney stated that records "are reconstructed by way of a thorough review of the files themselves"), report and recommendation adopted, 2012 WL 3779221 (E.D.N.Y. Aug. 30, 2012) with (Pl.'s Mem. at 2 (stating that records "are reconstructed via review of the files themselves")).

Nor is this a case like Marion S. Mishkin Law Office v. Lopalo, where the Second Circuit found clear error in the denial of an award of attorney's fees, noting that the attorney's records were "time-stamped."  767 F.3d 144, 149 (2d Cir. 2014).  The Second Circuit stated that, in that case, the district court should have made an inquiry into the attorney's methods of timekeeping before denying fees.  Id.  However, the instant case "is distinguishable [from Marion S. Mishkin Law Office v. Lopalo] because there is no suggestion whatsoever that Plaintiff's attorneys kept contemporaneous time records of any sort," J & J Sports Prods., Inc. v. James, No. 17 CV 5359, 2019 WL 2271843, at *2 (E.D.N.Y. Mar. 5, 2019), report and recommendation adopted, 2019 WL 1403112 (E.D.N.Y. Mar. 28, 2019), nor does Mr. Hunter state that his records were created from other, time-stamped, records.

Although plaintiff cites Joe Hand Promotions, Inc. v. Albright, No. 11 CV 2260, 2013 WL 4094403, at *4 (E.D. Cal. Aug. 13, 2013), for the proposition that at least one court has previously found that contemporaneous records are not necessary, the Albright case is not from the Second Circuit, where the precedent is clear and longstanding regarding contemporaneous records.  The Carey requirement was announced in 1983, nearly 40 years ago, and Mr. Hunter has been warned before by this very Court about the need to keep contemporaneous records.  See, e.g., J & J Sports Prods., Inc. v. Enriquez, No. 19 CV 2384, 2021 WL 4311286, at *4 (E.D.N.Y. July 16, 2021), report and recommendation adopted, 2021 WL 4311151 (E.D.N.Y.

5

Sept. 21, 2021) (denying attorney's fees because of lack of contemporaneous billing records). Further, plaintiff's argument that the Albright court found Mr. Hunter's methods reasonable "at least as applied to Robert B. Hunter, Esq. personally" carries little weight considering the fact that the attorney in Albright was Thomas Peter Riley, Jr., Esq.,[5] who has not entered an appearance in this case. Compare Joe Hand Promotions, Inc. v. Albright, 2013 WL 4094403, at *2 with (Pl.'s Mem. at 2). In fact, the Albright court made absolutely no mention of Mr. Hunter, finding only that the fees awarded to *Mr. Riley* were reasonable. See Joe Hand Promotions, Inc. v. Albright, 2013 WL 4094403, at *3-6.

Although plaintiff has not provided any justification in this case for ignoring the requirement that attorneys seeking fees maintain contemporaneous records, there is a limited exception recognized in the Second Circuit for "any contemporaneously documented time that [the attorney] was physically before" the court. Scott v. City of New York ("Scott II"), 643 F.3d 56, 59 (2d Cir. 2011). Although the records in this case clearly were not contemporaneous, the Scott II court noted that a court's records "may be effective substitutes" for contemporaneous records. Id. at 59. This Court held three conferences at which Mr. Hunter appeared. (See Electronic Minute Entries, dated 3/4/2020, 5/5/2020, and 7/9/2020). Mr. Hunter's records do not state his attendance at the conferences; they only list his "Receipt and review" of the various minute entries, for a total of 0.3 hours. (See Hunter Decl., Ex. 2). As this Court schedules conferences for thirty (30) minute increments, and Mr. Hunter attended three of those conferences, Scott II counsels that this Court may award attorney's fees for that hour and a half.

---

[5] This reference to the Albright court's finding as to Mr. Hunter's methods for estimating fees is puzzling. It may be that the firm relies on form motion papers and that would explain the reference. Interestingly, as part of its costs, plaintiff requests $650 in the form of an investigator's fee that is billed from the "Law Offices of Thomas P. Riley." (See Hunter Decl., Ex. 2). This issue is addressed infra at 7-8.

Mr. Hunter states that he bills at a rate of $350 per hour. (Hunter Decl. ¶ 5). This Court finds that rate "slightly higher than what is typically awarded for comparable work in this district," and therefore respectfully recommends an award of $300 per hour for the three conferences that Mr. Hunter attended. See Joe Hand Promotions, Inc. v. Dilone, No. 19 CV 871, 2020 WL 2572271, at *6 (E.D.N.Y. Jan. 23, 2020) (collecting cases and lowering fee for partner with 27 years of experience from $350 to $300), report and recommendation adopted in part, 2020 WL 1242757 (E.D.N.Y. Mar. 16, 2020). As such, this Court recommends an attorney's fee award of $450.00, which constitutes an hour and a half of time, billed at a rate of $300.

B. Plaintiff's Request for Costs

Pursuant to Section 605(e)(3)(B)(iii), plaintiff is also entitled to costs. See 47 U.S.C. § 605(e)(3)(B)(iii) (stating that the court "shall direct the recovery of full costs. . . ."); see also International Cablevision v. Sykes, 997 F.2d 998, 1009 (2d Cir. 1993). Here, plaintiff's counsel seeks costs in the amount of $1,336.52. (Hunter Decl. ¶ 9). These costs include a filing fee of $400.00 and $286.52 in service of process fees. (Id., Ex. 2). Plaintiff has submitted invoices corresponding to the amount requested in process server fees and the Court takes judicial notice of the filing fees required here in the Eastern District of New York. See also J&J Sports Prods., Inc. v. Dowling, No. 18 CV 5086, 2021 WL 4311321, at *2 (E.D.N.Y. July 19, 2021) (stating that "[s]ervice and filing fees are recoverable by a prevailing party 'as a matter of course'" (citation omitted)), report and recommendation adopted, 2021 WL 4311171 (E.D.N.Y. Sept. 21, 2021). Thus, it is respectfully recommended that plaintiff be awarded $686.52 in costs for the filing fee and service of process fees.

In addition, plaintiff seeks reimbursement for the costs of hiring an investigator in the amount of $650.00. (Pl.'s Mem. at 3-4; Hunter Decl. ¶ 9). Investigator's costs are recoverable

7

in piracy actions such as this case as long as plaintiff has set forth "(1) the amount of time necessary for the investigation; (2) how much the investigators charged per hour; and (3) why the investigators are qualified to demand the requested rate." Kingvision Pay-Per-View Ltd. v. Autar, 426 F. Supp. 2d 59, 67 (E.D.N.Y. 2006). Here, plaintiff provides only an invoice with no indication of the time spent, the rate charged, or the qualifications of the service used. (Hunter Decl., Ex. 2). Such information has previously been found insufficient as a basis for recovery in this district. See, e.g., J&J Sports Prods., Inc. v. Dowling, 2021 WL 4311321, at *2; J & J Sports Prods., Inc. v. James, 2019 WL 2271843, at *3.[6] Further, as noted previously, the invoice was directed to the "Law Offices of Thomas P. Riley, P.C.," an individual who has not entered an appearance on this case. As such, this Court has no way of knowing whether Mr. Hunter and his firm actually incurred the associated costs and correspondingly billed plaintiffs.

Based on the supporting affidavits, the Court finds the $686.52 requested as reimbursement for the costs for service of process and filing fees to be reasonable and therefore respectfully recommends that plaintiff be awarded $686.52 in total litigation costs.

## CONCLUSION

Accordingly, this Court respectfully recommends that plaintiff be awarded $450.00 in attorney's fees and $686.52 in costs for a total of $1,136.52.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's

---

[6] Plaintiff again cites a case outside of this Circuit for the proposition that an invoice coupled with an attorney's affidavit is sufficient to award investigative costs. (Pl.'s Mem. at 4 (citing J & J Sports Prods., Inc. v. Bandera Cowboy Bar LLC, No. 15 CV 352, 2016 WL 11579945, at *1 (W.D. Tex. June 3, 2016))). However, this Court finds the Bandera court's reasoning unpersuasive, particularly in light of this district's precedent requiring a party to set forth the investigator's rates, amount of time spent, and qualifications.

8

order.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; Caidor v. Onandaga Cty., 517 F.3d 601, 604 (2d Cir. 2008).

Plaintiff shall serve a copy of this Report and Recommendation on the defendants and file proof of such service on the record within two weeks of the date of this Report.

**SO ORDERED**.

Dated:  November 8, 2021
       Brooklyn, New York

                                      */s/ Cheryl L. Pollak*
                                      CHERYL L. POLLAK
                                      United States Magistrate Judge
                                      Eastern District of New York